CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

8/2/2021
JULIA C. DUDLEY, CLERK
BY:  s/ CARMEN AMOS
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **KEVIN K.,** [1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 6:20-CV-28** |
| | ) | |
| **KILOLO KIJAKAZI** [2]**, ACTING** | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Kevin K. ("Kevin") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") finding him not disabled and therefore ineligible for supplemental security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act ("Act").  42 U.S.C. §§ 1381–1383f, §§ 401–433.  Kevin alleges that the Administrative Law Judge ("ALJ") erred by failing to properly account for his moderate impairment with concentration, persistence or pace. I conclude that the ALJ's decision is not supported by substantial evidence.  Accordingly, I **RECOMMEND GRANTING in part** Kevin's Motion for Summary Judgment (Dkt. No. 11), **DENYING** the Commissioner's Motion for Summary Judgment (Dkt. No. 12) and **REMANDING** this case for further administrative proceedings consistent with this opinion.

---

[1] Due to privacy concerns, I am adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts use only the first name and last initial of the claimant in social security opinions.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is hereby substituted for Andrew Saul as the defendant in this case.

**STANDARD OF REVIEW**

This court limits its review to a determination of whether substantial evidence supports the Commissioner's conclusion that Kevin failed to demonstrate that he was disabled under the Act.[3] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Remand is appropriate if the ALJ's analysis is so deficient that it "frustrate[s] meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (noting that "remand is necessary" because the court is "left to guess [at] how the ALJ arrived at his conclusions"); see also Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (emphasizing that the ALJ must "build an accurate and logical bridge from the evidence to his conclusion" and holding that remand was appropriate when the ALJ failed to make "specific findings" about whether the claimant's limitations would cause him to experience his claimed symptoms during work and if so, how often) (citation omitted). In Monroe, the Court of Appeals found that the ALJ did not "satisfactorily explain his decision to partly discredit [the claimant's] testimony regarding the symptoms and functional limitations resulting from his impairments." Monroe, 826 F.3d at 189. Similarly, I find that

---

[3] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

remand is appropriate here because the ALJ's opinion leaves the court to guess at how she determined that Kevin's moderate impairment with pace is adequately accommodated by the RFC.

## CLAIM HISTORY

Kevin filed for SSI and DIB on May 28, 2013, claiming that his disability began on December 12, 2016 R. 11, 259–73. The state agency denied Kevin's application at the initial and reconsideration levels of administrative review. R. 113–195. On March 4, 2019, ALJ Monica Flynn held a hearing to consider Kevin's claim for benefits. R. 75–112. Counsel represented Kevin at the hearing which included testimony from vocational expert Robert Jackson. Id. On April 25, 2019, the ALJ entered her decision analyzing Kevin's claim under the familiar five-step process[4] and denying his claim for benefits. R. 11–23.

The ALJ found that Kevin suffered from the severe impairments of chronic obstructive pulmonary disease, glaucoma, anxiety and depression. R. 13. The ALJ determined that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 14–16. The ALJ found that regarding his mental impairments, Kevin had a mild restriction in understanding, remembering, or applying information; moderate limitation with interacting with others; moderate limitation with concentration, persistence or maintaining pace; and moderate limitations with adapting or managing oneself. R. 15–16. The ALJ concluded that

---

[4] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curium) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies.  42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

Kevin retained the residual functional capacity ("RFC") to perform a range of light work. R.17. Specifically, the ALJ found that Kevin can occasionally climb, stoop, kneel, crouch and crawl; frequently balance; must avoid ordinary hazards in the workplace because of vision limitations; can have no more than frequent exposure to humidity, pulmonary irritants, extreme cold; and extreme heat. R. 17. The ALJ also found that Kevin was limited to work with occasional interaction with the public and coworkers, and can perform simple, routine, repetitive tasks. Id.

The ALJ determined that Kevin has no past relevant work, but that he could perform other jobs that exist in significant numbers in the national economy, such as marker, mail clerk and inspector. R. 22–23. Thus, the ALJ concluded that Kevin was not disabled. R. 23. Kevin appealed the ALJ's decision and submitted additional medical records to the Appeals Council for consideration. R. 64–73. On March 30, 2020, the Appeals Council denied his request for review, and this appeal followed. R. 1–4.

## ANALYSIS

Kevin alleges one narrow issue in this appeal– that the ALJ's RFC fails to properly account for his moderate limitation with pace. Kevin relies upon Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), to support his assertion that the ALJ did not adequately address his moderate impairment with concentration, persistence or pace when she restricted the type of tasks he can perform (simple, routine, repetitive tasks), but did not address the pace at which those tasks are performed.

In step 3 of the sequential analysis, the ALJ determined that Kevin has a moderate impairment with the broad area of functioning of concentration, persistence or maintaining pace. R. 15. Specifically, the ALJ noted Kevin's complaints of difficulty with focus and concentration, and complaints of depression and anxiety. The ALJ also noted that Kevin's

medical records demonstrate intact concentration, he reported doing activities around the house, getting out in the community and helping his aunt around her home. Id.

In step 4 of the opinion, the ALJ considered Kevin's reported difficulty completing tasks and concentrating, and Kevin's testimony at the hearing that some days he does not want to get out of bed due to depression; his medications make him sleepy; and he does not handle criticism well. R. 17.  Kevin testified at the administrative hearing that he is "scatterbrained," he doesn't leave the house, doesn't drive, and he has panic attacks when in stores or around crowds of people. R. 90–97.  Kevin testified that, among other things, he has trouble paying attention to things, his thoughts "jump all over," that he zones out and forgets what he's doing. R. 97–98.

The ALJ reviewed Kevin's mental health treatment from August 2015 through December 2018.  Kevin's mental status examinations throughout this period routinely noted depressed and anxious mood, but normal attention and concentration. R. 18–19.  In April 2016, Kevin reported that he can't concentrate, has racing thoughts and irritability. R. 491. In February 2017, Kevin again complained of panic attacks, anxiety, poor concentration, difficulty focusing, being easily distracted and racing thoughts. R. 654. Kevin's medications were adjusted throughout this time, and he continued to report depression, anxiety and problems with crowds.

The ALJ reviewed the medical opinion evidence relating to Kevin's mental impairments. On July 24, 2017, state agency physician Howard S. Leizer, Ph.D., reviewed Kevin's records and determined that he had moderately limited ability to maintain attention and concentration for extended periods, moderately limited ability to work in coordination with or in proximity to others without being distracted by them, and moderately limited ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. R. 152.

Specifically, Dr. Leizer stated, "[d]ue to anxiety, he would have difficulty maintaining

concentration for extended periods and working with others without being distracted.  However,

he would be able to complete simple, repetitive tasks." Id.   On December 12, 2017, state agency

physician David Deaver, Ph. D., reviewed Kevin's records upon reconsideration and agreed with

Dr. Leizer's findings. R. 171–72.

The ALJ reviewed Drs. Leizer and Deaver's opinions and gave them "great weight,"

finding them "consistent with the evidence of record, which demonstrates that the claimant

remains capable of performing unskilled work with occasional interaction with the public and

coworkers." R. 21. The ALJ further explained,

> As noted above, in July of 2017, the claimant complained of increased panic
> attacks and having to leave crowded places.  Further, he reported that his
> medications were not working. An examination demonstrated intact recent and
> remote memory, intact concentration, an irritable and anxious mood, fair insight,
> and a cooperative attitude.  In late January of 2018, the claimant reported that he
> was trying to stay busy and had been working on little projects around his house,
> including working on his truck and cleaning out his basement.  He continued to
> report occasional depression and anxiety due to financial stressors but denied
> sleep disturbance, appetite disturbance, and suicidal ideation.  Additionally, he
> reported compliance with medications and denied side effects.  A few weeks later,
> the claimant exhibited a full range affect with "good" mood, an engaging attitude,
> fair insight, intact recent and remote memory, and intact concentration.  The
> claimant reported that he had been doing well and that his medications were
> working.  Additionally, he denied side effects.  An examination performed in
> September of 2018 revealed an avoidant attitude, an anxious mood with a
> constricted range, poor insight, intact recent and remote memory, and intact
> concentration.  Additionally, he reported a decrease in depression and anxiety.
> Moreover, the claimant reported that he had been getting out in the community
> and helping his aunt with chores around her home.

R. 21.  The ALJ determined that Kevin could perform simple, routine, repetitive tasks.

Kevin alleges that the ALJ's analysis is insufficient because she failed to address his

ability to maintain pace. I agree that the ALJ's RFC limiting Kevin to simple, repetitive tasks

does not adequately address his moderate limitation with persistence and pace.

In Mascio, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)).  The Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id.  Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that without such an explanation, remand was necessary.  Id.

Likewise, in Shinaberry v. Saul, the Fourth Circuit clarified that an "ALJ cannot summarily 'account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work,' because 'the ability to perform simple tasks differs from the ability to stay on task.'" Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020) (quoting Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015)). However, there is no "categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." Id. In contrast, Shinaberry highlights  "sister circuits" who conclude that "limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations [in concentration, persistence, or pace]" when the "medical evidence demonstrates that a claimant can engage in simple, routine tasks, or unskilled work, despite [these] limitations."  Id. (quoting  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)).

In Thomas v. Berryhill, 916 F.3d 307 (4th Cir. 2019), the court held that an RFC stating that the claimant could not perform work "requiring a production rate or demand pace," was inadequate to address a moderate impairment with concentration, persistence or pace because the ALJ failed to provide information to understand what those terms mean. Id. at *3.   The court stated,

> [w]ithout further explanation, we simply cannot tell whether the RFC finding—
> particularly the portion restricting Thomas to jobs that do not require a "production
> rate" or "demand pace" — properly accounts for Thomas's moderate limitations in
> concentration, persistence, and pace.  On remand, the ALJ will need to establish
> for how long, and under what conditions, Thomas is able "to focus [her] attention
> on work activities and stay on tasks at a sustained rate."  Only then will we or any
> court be able to meaningfully review the ALJ's RFC finding.

Id. at 4, n. 5.

The court in Thomas also found error because the ALJ did not draw "explicit conclusions about how [the claimant's] mental limitations affect her ability to perform job-related tasks for a full workday- a benchmark established by the Administration's own regulations." Id. at 3.

In Perry v. Berryhill, No. 18-1076,  2019 WL 1092627, at *3 (4th Cir. March 8, 2019), the Fourth Circuit reiterated its holding that a moderate limitation with concentration, persistence or pace is not accounted for by limiting a claimant to "unskilled work."  The court further stated, "[i]f those limitations are addressed at all, that is, then it must be through the ALJ's reference to a 'non-production oriented work setting.' But, again, we do not know what the ALJ intended when she used that phrase. As a result, it is difficult, if not impossible, to evaluate whether restricting Perry to a 'non-production oriented work setting' properly accounted for Perry's well-documented limitations in concentration, persistence, and pace." Id.

Here, the ALJ discussed Kevin's mental health symptoms, his treatment, and the state agency opinions in the record. The ALJ determined that Kevin had moderate impairments with

concentration, persistence or pace, which is supported by Kevin's mental health records, his testimony and the state agency opinions in the record. However, when crafting the RFC, the ALJ did not explain how a limitation to simple, repetitive tasks addresses Kevin's limitation with pace. The Fourth Circuit has repeatedly held that moderate limitations in concentration, persistence or pace are not adequately accounted for by limitations to unskilled and routine tasks without additional explanation. The ALJ must include an explanation as to why Kevin's moderate deficits with concentration, persistence or pace do not require accommodations in the RFC or why the limitations in the RFC accommodate his mental impairments.

The reasons provided by the ALJ to support the mental limitations in the RFC—that Kevin's examinations reflected intact concentration; that Kevin reported doing well and that his medications were working; that he worked on little projects around his house; and that he reported getting out in the community and helped his aunt with chores around her home (R. 21)— do not address Kevin's ability to perform a task at a certain pace for an 8-hour day. The ALJ did not build the required logical bridge between her finding that Kevin had a moderate impairment with concentration, persistence or pace and her conclusion that Kevin could perform simple, repetitive tasks.

This is not a case where the ALJ gave the claimant a moderate restriction with concentration, persistence, or pace out of an abundance of caution despite a lack of evidence of such restrictions. Rather, evidence in the record reflects that Kevin has limited concentration, persistence, or pace, both through his subjective testimony and the conclusions of the reviewing physicians. Thus, it is necessary for the ALJ to explain how those limitations are accommodated by the RFC.

Further, this case is distinguishable from the line of cases holding that an ALJ may rely upon the medical opinions in the record to support the conclusion that a claimant's impairment in concentration, persistence, or pace did not prevent him from performing simple, routine tasks. See Sizemore v. Berryhill, 878 F.3d 72 (4th Cir. 2017). In Sizemore, the Fourth Circuit found that substantial evidence supported the ALJ's determination that the claimant, who had moderate difficulties in social functioning and in concentration, persistence, or pace, would be able to stay on task while working in low stress non-production jobs with no public contact. Id. at 79. The ALJ in Sizemore relied on findings from state agency psychologists that the claimant can maintain attention for at least two hours at a time and can perform basic, routine tasks on a sustained basis. Id. at 80–81. The court concluded that the opinions of these state agency doctors, "provided substantial support for the ALJ's finding that, despite Sizemore's overall moderate difficulties with concentration, persistence, or pace, he would nonetheless be able to *stay on task* while performing 'simple one, two-step tasks,' as long as he was 'working in low stress non-production jobs with no public contact.'" Id. (emphasis in original) citing Mascio, 780 F.3d at 638.

Here, the state agency psychologists both determined that Kevin had moderate impairments with concentration, persistence or pace.  The state agency psychologists concluded that Kevin "would have difficulty maintaining concentration for extended periods and working with others without being distracted. However, he would be able to complete simple, repetitive tasks." R. 152, 171.  The state agency psychologists did not specifically address whether Kevin would be able to maintain an acceptable pace or perform that work on a consistent, sustained basis for an 8-hour workday. Id.  There are no other mental health opinions in the record reflecting that Kevin can maintain an acceptable pace or perform work on a consistent, sustained

basis for an 8-hour workday. Thus, the physician opinions in the record do not provide the required explanation as to how the RFC properly accommodates Kevin's limitation with pace.

The ALJ may very well conclude that Kevin is not disabled and may explain why limiting him to simple, repetitive tasks accommodates his moderate limitation with maintaining concentration, persistence, or pace. However, her failure to do so in this case requires remand. See Thomas v. Berryhill, 916 F.3d at 312; Huff v. Berryhill, No. 7:18cv54, 2019 WL 2193860, at *3 (W.D. Va. May 21, 2019) (ALJ's failure to address claimant's ability to perform job-related functions for a full workday requires remand).

## **CONCLUSION**

For the foregoing reasons, I **RECOMMEND GRANTING in part** Kevin's motion for summary judgment, **DENYING** the Commissioner's motion for summary judgment, and **REMANDING** this case for further consideration by the ALJ.

The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such

11

objections, including the waiver of the right to appeal.

Entered: August 2, 2021

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge