CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

9/24/2021
JULIA C. DUDLEY, CLERK
BY:  s/ A. Little
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

| | |
|---|---|
| KEVIN K.,[1] <br><br> *Plaintiff*, <br><br> v. <br><br> KILOLO KIJAKAZI,[2] *Acting Commissioner, Social Security Administration*, <br><br> *Defendant.* | CASE NO. 6:20-cv-00028 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

Plaintiff Kevin K. has filed this action challenging the Commissioner of Social Security's final decision denying his supplemental social security income ("SSI") benefits under the Social Security Act. 42 U.S.C. §§ 1381, *et seq.*

Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to U.S. Magistrate Judge Robert S. Ballou for proposed findings of fact and a recommended disposition. The parties filed cross motions for summary judgment, Dkts. 11, 12, and the magistrate judge issued a Report & Recommendation ("R&R"), which recommended that this Court grant in part Kevin's motion for summary judgment, deny the Commissioner's motion for summary judgment, and remand for further administrative consideration under sentence four of 42 U.S.C. § 405(g). Dkt. 14. Though advised of the right to object to the

---

[1] The Court adopts the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] Kilolo Kiiakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit.

proposed findings and recommendations of the R&R within fourteen days, and that failure to timely file objections may result in waiver of review of the R&R, *id.* at 11, no party has filed objections within the fourteen-day period.

The Court reviews de novo every portion of an R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). But where, as here, no objections to an R&R are filed, the Court reviews only for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); Fed. R. Civ. P. 72 advisory committee's note. The Court need not provide any explanation for adopting the R&R. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

No objections to the R&R have been filed, and the Court can discern no clear error therein. Indeed, as the R&R demonstrates, the magistrate judge carefully scrutinized the record in concluding that the ALJ's decision was not supported by substantial evidence, as the ALJ had failed to properly account for Kevin's moderate impairment with concentration, persistence or pace. Accordingly, the Court **ORDERS** that:

1. The R&R is **ADOPTED** in its entirety, Dkt. 14;

2. The Plaintiff's motion for summary judgment is **GRANTED in part**, Dkt. 11;

3. The Commissioner's motion for summary judgment is **DENIED**, Dkt. 12;

4. The case is **REMANDED** to the Commissioner for further development and consideration.

The Clerk of Court is directed to send this Order to all counsel of record.

ENTERED this __24th__ day of September, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

2